State *v.* Harrington.

9    91
12    125

THE STATE OF NEVADA, RESPONDENT, *v.* JAMES HARRINGTON, APPELLANT.

MURDER—SUFFICIENCY OF INDICTMENT. An indictment for murder, charging that defendant at a certain time and place without authority of law and with malice aforethought did shoot deceased with a pistol and from the wounds produced from the shooting deceased died, though imperfect in form and objectionable on special demurrer, is not imperfect in substance and, if not specially demurred to, is cured by verdict.

CRIMINAL TRIALS—DEPARTURE FROM ORDER OF PROOF—DISCRETION. In a criminal trial, if a district court allows a departure from the ordinary order of proof and permits a re-opening of the case, as it may in the exercise of a sound discretion (Stats. 1861, 472,) it will be presumed, nothing being shown to the contrary, that such discretion was properly exercised.

APPEAL from the District Court of the Seventh Judicial District, Lincoln County.

A difficulty occurred about two o'clock on the morning of July 6, 1873, in the chop-house of John H. Lynch, in the town of Pioche, Lincoln County. Defendant James Harrington, Lynch, Frank Schoonmaker, one O'Neil, and one Sullivan were present. Sullivan seized hold of a dog belonging to Schoonmaker and the result was a quarrel in which all the parties became more or less involved. Words led to blows, and in the melee it seems Harrington's pistol was fired three times, inflicting five wounds, one on the side of Schoonmaker, one through the wrist of Sullivan, one on the side of O'Neil, one on the shoulder of Lynch and one in the brain of Lynch, of which he died a few days afterwards.

It appears from the bill of exceptions that defendant introduced testimony tending to show that the number of wounds inflicted on different persons at the time Lynch was shot could not be made by three shots. After the defense had closed, the State called J. E. Tyler, and among other questions asked, "How many shots did you hear fired?" Defendant objected to the question on the ground that the prosecution had asked the same question on the examination in chief and on the further ground that there had been no testimony introduced by defendant proving or tending to prove the number of shots Tyler had heard. The court said: "I shall allow the testimony to be taken," whereupon counsel for defendant asked the court if defendant would be allowed to introduce more witnesses; that he could produce a dozen witnesses to prove there were more than three shots fired; to which the court replied that defendant could introduce as many witnesses as he choose, to make such proofs. The objection being overruled, and the witness, Tyler, as well as others on the same point, being allowed to testify, defendant excepted.

The defendant was convicted of murder in the second degree. His motion for new trial having been overruled, he was sentenced to imprisonment in the State prison for the term of fifteen years. He appealed from the judgment and order.

*Crittenden Thornton,* for Appellant.

I.   The indictment is bad on general demurrer. It states the evidence of facts, instead of facts themselves. The accusation of murder can only be. made out, if at all, by argument and inference. The vice is fundamental and incurable.

II.   The court erred in permitting the testimony in rebuttal of the defendant's case. It was testimony in chief.

State *v.* Harrington.

It was merely cumulative of a large amount of testimony already put in by the State. Its use at that stage of the trial amounted in effect to a re-opening of the case for the prosecution, and worked a substantial and incurable injury to the defendant.

III. As the denial of the right to open or close may be error, so an undue indulgence may also be. An erroneous ruling not only justifies but demands a reversal. The order of proof is essential to be preserved. It is a matter of right, not of privilege. The discretion of the court is not arbitrary, but subject to examination and review. *Huckman* v. *Ferine*, 3 M. & W. Exch. 516; *Doe ex dem Brather* v. *Brayne*, 5 C. B. 655; 57 E. C. L. 655; *Geach* v. *Ingall*, 14 M. & W. 98; *Ashley* v. *Bates*, 15 M. & W. 589; *Davis* v. *Mason*, 4 Pickering, 156.

*L. A. Buckner*, Attorney General, for Respondent.

I. The indictment is direct as to the party charged, the offense charged, and the particular facts of the offense charged. It is therefore good. Criminal Practice Act, Sec. 232; *People* v. *Cronin*, 34 Cal. 191; *State* v. *Harkins*, 7 Nev. 384; *State* v. *Millain*, 3 Nev. 409; *State* v. *O'Flaherty*, 7 Nev. 153; *State* v. *Jones & Nery*, 7 Nev. 408.

II. Regarding the admission of the evidence objected to as a matter of "legal discretion" to be reviewed, there is no abuse of the power shown. On the contrary, the court acted with wisdom and justice. The defendant has not shown affirmatively any error and consequently no reason for reversal.

By the Court, BELKNAP, J.:

The defendant was convicted of murder in the second degree upon an indictment accusing him in the following

manner of murder: "That the said James Harrington, in
the town of Pioche in the said County of Lincoln, State of
Nevada, on the sixth day of July, A. D. 1873, or thereabouts,
without the authority of law and with malice aforethought
did shoot one John H. Lynch with a pistol, and from the
wounds produced from the shooting the said John H. Lynch
died in the said town of Pioche, County of Lincoln, State of
Nevada, on or about the eleventh day of July, 1873." This
indictment, by fair and reasonable intendment, charges the
defendant with the killing. Its form is argumentative, and
this would have been a fatal defect upon special demurrer.
The objection, however, was not taken; and the imperfection
being of form and not of substance, is cured by the verdict.

After the defense had declared its evidence closed, the
court allowed the prosecution to introduce further evidence
in chief. The bill of exceptions shows that the defendant's
counsel stated to the court that he had the additional evi-
dence of a dozen witnesses upon the point to which the
prosecution's evidence was directed. These witnesses were
not introduced, although permission was requested and
obtained for that purpose. The proper practice is for the
State in the first instance to introduce its evidence in sup-
port of the indictment, after which evidence for the defense
should be heard and then follows evidence in rebuttal.
Neither side should withhold evidence upon the original
cause. But in furtherance of justice the district court may
in its discretion allow a departure from this order of proof
and permit a re-opening of the case. Stats. 1861, 472. This
discretion should be exercised for good reasons only and not
to the prejudice of the adverse party. No injustice or abuse
of discretion is here shown. In the absence of such showing
we cannot interfere, but must conclude that the discretion
was properly exercised. 1 Mon. (Ky.) 115; 29 Ill. 459; 48
Ill. 282; 36 Mo. 493; 4 Cal. 274; 3 Mich. 77; 10 Mich. 155;
18 Iowa, 290; 13 Iowa, 103.

The judgment and order refusing a new trial are affirmed.

WHITMAN, C. J., did not participate in the foregoing decision.