LASLEY WILLIAMS, APPELLANT, v. THE
STATE OF NEVADA, RESPONDENT.

No. 7909

August 26, 1975                         539 P.2d 461

*John F. O'Reilly* and *Alan R. Johns,* of Las Vegas, for Appellant.

*George E. Holt,* District Attorney, and *Dan M. Seaton,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Lasley Williams, charged with murder, was, by the jury, convicted of voluntary manslaughter. The imposition of prison sentence was suspended and he was granted probation for the period of five years. By this appeal he seeks to void his conviction, urging error with regard to jury instructions and the accepting of further evidence after the state had rested its case. We do not perceive error, and, therefore, affirm.

While working as a clerk in a market, the appellant was struck on the head by one Henderson, who then fled the store.

The appellant and the store manager, carrying sawed off shotguns, pursued Henderson to a vacant lot across the street from the store. The appellant heard a noise in the bushes behind him, turned and fired his shotgun, fatally wounding Henderson.

1.  The court did not give a self-defense instruction. The appellant claims that such an instruction should have been given. Although an accused is entitled to have the jury instructed about his theory of defense if there is evidence to support it, Barger v. State, 81 Nev. 548, 407 P.2d 584 (1965), such an instruction should not be given if there is no supportive evidence. Walker v. State, 85 Nev. 337, 455 P.2d 34 (1969).

The evidence here does not suggest a foundation for a self-defense instruction. The appellant was the aggressor, the pursuer and cannot reasonably be said to have been in fear of immediate death or serious injury. The court properly refused the proffered instruction.

Neither do we perceive error by the trial court in giving the jury an instruction concerning first degree murder. There was some supportive evidence for that instruction. In any event, the jury apparently rejected that evidence since its verdict found voluntary manslaughter only.

Other claimed errors concerning jury instructions not given have been considered and are without substance.

2.  The court allowed the state to reopen its case in chief to receive testimony from a police officer concerning a statement made to him by the appellant, the gist of which was that the appellant had fired the fatal shot. The court did not err. In the search for truth, the evidence received was significant for the jurors' evaluation. Appropriate preliminary steps were observed, in the absence of the jury, to determine the voluntary nature of the statement. The order of trial contemplated by NRS 175.141(3)(4) was not offended. The court, in allowing the state to reopen, acted well within its discretion.

Affirmed.