WILLIAM MIRIN, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 8653

February 8, 1977                    560 P.2d 145

*Goodman & Snyder* and *Oscar B. Goodman,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon* and *Elliott A. Sattler,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

After being convicted, by jury verdict, of murder in the second degree, William Mirin was sentenced to a term of years in the Nevada State Prison. In this appeal his only contentions

that warrant comment are that he was denied a fair trial because the trial judge erroneously: (1) ruled the testimony of Ray King—a prosecution witness—was competent; (2) refused to instruct on the defense of self-defense and, instead, instructed that such defense was not available to appellant; and, (3) refused to admit evidence of the victim's character.

1. In support of his first assignment of error, Mirin contends that Ray King was intoxicated at the time he testified; therefore, he concludes that King was an incompetent witness. Intoxication does not necessarily disqualify a witness from testifying. Cf. Fox v. State, 87 Nev. 567, 491 P.2d 35 (1971). "When the competency of any witness has been questioned, it is within the discretion of the trial court to consider factors relative to qualification and to determine if such person is competent to testify." Shuff v. State, 86 Nev. 736, 738, 476 P.2d 22, 24 (1970). Here, the trial judge held hearings outside the jury's presence concerning King's competency, and concluded that King was capable of comprehending questions and responding in a lucid manner. The record supports that determination. Additionally, the judge gave special cautionary instructions to the jury. Under such circumstances, we perceive no error. *Fox, supra.*

2. Mirin next argues the trial judge erred by not instructing the jury on the defense of self-defense. However, "[a]n instruction must be given only if there is evidence to support it." Krueger v. State, 92 Nev. 749, 557 P.2d 717 (1976). In this case there is no such evidence and, in fact, the record establishes that Mirin was the pursuer and aggressor; thus, the court properly refused to instruct on self-defense. Williams v. State, 91 Nev. 533, 539 P.2d 461 (1975). In this factual context, it was not error to instruct that self-defense was not available to appellant. Johnson v. State, 92 Nev. 405, 551 P.2d 241 (1976).

3. Because he could not avail himself of the defense of self-defense, Mirin's contention that the trial court erred by excluding evidence of the victim's character is misplaced and, therefore, without merit. Coombs v. State, 91 Nev. 489, 538 P.2d 162 (1975); State v. Helm, 66 Nev. 286, 209 P.2d 187 (1949).

Mirin's subordinate contentions are also without merit; accordingly, they are summarily rejected.

Affirmed.[1]

---

[1]The Governor, pursuant to Article VI, § 4 of the Constitution, designated District Judge William P. Beko to sit for MR. JUSTICE GUNDERSON, who voluntarily disqualified himself and took no part in this decision.