## CYNTHIA LYNN RIDDLE, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 11721

July 21, 1980                                        613 P.2d 1031

*Alan R. Harter,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *John Redlein,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted Cynthia Lynn Riddle of murder in the second degree for the shooting death of Brenda Campbell. The facts are not in dispute. On July 24, 1978, Brenda Campbell was spending the afternoon with relatives at the appellant's residence. After several arguments, the appellant left the room, returned with a gun, and shot Brenda Campbell. The decedent was seated on a sofa and had made no threatening gesture toward the appellant.

1.   Appellant contends that denial of her motion for discovery so prejudiced the defense trial preparation concerning the decedent's character that a new trial is warranted. We disagree.

The trial court is vested with the authority to order the discovery and inspection of materials in the possession of the state. The exercise of the court's discretion, however, is predicated on a showing that the evidence sought is material to the preparation of the defense and the existence of the evidence is known or, by the exercise of due diligence, may become known to the district attorney. NRS 174.235, 174.245. Here, evidence of the decedent's predisposition for violence would only be material if appellant had known of it at the time of the incident. This was not alleged in her motion for discovery. Furthermore, the district attorney's office had conducted an investigation for any complaints which may have been filed against the deceased. All that the search revealed was that the victim had an outstanding traffic citation. Under these circumstances the denial of the motion for discovery was not an abuse of discretion.

2.   Appellant next argues that the remarks of the trial judge

were so prejudicial that she was denied a fair trial by an impartial jury. We recognize that trial judges must avoid conduct from which the jury may infer bias, State v. Boyle, 49 Nev. 386, 397, 248 P. 48, 52 (1926); however, unless the error is plain, NRS 178.602, a contemporaneous objection is required to preserve an assignment of error for appeal. *See* Cutler v. State, 93 Nev. 329, 336, 566 P.2d 809, 813 (1977); Hayden v. State, 91 Nev. 474, 476, 538 P.2d 583, 584 (1975); Clark v. State, 89 Nev. 392, 393, 513 P.2d 1224 (1973). Here, appellant made no objection and there was no request for an instruction that the complained of admonitions be disregarded. Furthermore, we do not believe that the remarks of the trial judge amount to plain error.

3. Finally, appellant contents that the trial court's failure to give the proposed jury instructions concerning self-defense and justifiable homicide resulted in a denial of a jury trial on every material issue. A defendant is entitled to have the jury instructed as to his theory of the case, Barger v. State, 81 Nev. 548, 550, 407 P.2d 584, 585 (1965); however, an instruction need not be given unless there is supportive evidence. Mirin v. State, 93 Nev. 57, 59, 560 P.2d 145, 146 (1977); Williams v. State, 91 Nev. 533, 535, 539 P.2d 461, 462 (1975); Walker v. State, 85 Nev. 337, 344, 455 P.2d 34, 38 (1969). Here, there was no evidence that the appellant was ever placed in fear of her life or habitation. The victim remained seated on the sofa and made no threatening gesture toward the appellant. Therefore, it was not error to deny the proffered instructions.

We affirm the judgment of the lower court.

Mowbray, C. J., Thompson, Manoukian, and Batjer, JJ., and Zenoff, Sr. J.,[1] concur.

---

[1]The Chief Justice designated Hon. David Zenoff, Senior Justice, to sit in this case in the place of the Hon. E. M. Gunderson, Justice. Nev. Const. art. 6, § 19; SCR 10.