JACKIE CLINTON OWENS, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 11897

December 16, 1980

620 P.2d 1236

*Morgan D. Harris,* Public Defender, and *Terrence M. Jackson,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, Clark County, for Respondent.

## OPINION

By the Court, Batjer, J.:

A jury found appellant guilty of sexual assault. Numerous contentions are raised on appeal. We affirm.

The victim testified that in the early morning hours of May 23, 1978, she awoke to find appellant in her bedroom. She jumped out of bed, but appellant closed the bedroom door to block her exit. She started crying, and appellant said he would take some money and leave. When the victim's six year old child came into the bedroom appellant grabbed a pair of scissors from the dresser, held them about six inches from the child's neck, and ordered the child to leave. Appellant then ordered the victim to get into bed. After throwing down the scissors, appellant had sexual intercourse with her. The victim

testified that she was forced to have intercourse against her will.

Shortly after appellant left the premises, the victim reported the incident to the police. She had seen appellant a few times before, and was acquainted with him. Consequently, she was able to provide police with his name. That afternoon, two police officers went to his home. Appellant told the officers his name. The officers noted that he was wearing a pair of blue jeans with a red stripe which matched the description given by the victim. Appellant was placed under arrest and was charged with burglary, robbery and sexual assault. He was acquitted of the burglary and robbery charges, but was convicted of sexual assault.

1. Appellant contends that certain articles of his clothing were illegally seized by police officers at the time of the arrest, and that the district court erred by admitting the clothes into evidence. We need not decide whether the seizure was illegal. The items seized were merely cumulative evidence on the issue of identity of the assailant. The victim, who knew the assailant and was able to observe him for a relatively long period of time, positively identified appellant at trial. Evidence of recent intercourse was found on the jeans appellant was wearing at the time of his arrest, not on the other clothes which were seized. Furthermore, after the incident appellant wrote two letters to the victim in which appellant essentially admitted that he was the assailant. Appellant did not testify or offer any evidence of an alibi. Thus, evidence proving the identity of the assailant was overwhelming. Accordingly, even if the clothes were illegally seized, their admission into evidence was cumulative, and any error was harmless beyond a reasonable doubt. Harrison v. State, 96 Nev. 347, 608 P.2d 1107 (1980); see Weakland v. State, 96 Nev. 699, 615 P.2d 252 (1980).

2. Appellant also contends that the denial of his pretrial discovery motion seeking the victim's new address deprived him of due process and the right to effectively confront and cross-examine the witness. Following his arrest, appellant sent two letters to the victim and telephoned her at least twice. She moved from her former address in order to avoid further harassment. The prosecutor and district court refused to supply the new address, but agreed to make all necessary arrangements for defense counsel to meet with and interview the victim and her children.

A prosecutor must usually disclose the names and addresses of all witnesses. NRS 173.045(2). However, a defendant's right

to confront witnesses is not violated by the trial court's refusal to disclose the address of a witness if disclosure could subject the witness to harassment, humiliation or danger. Brown v. State, 94 Nev. 393, 580 P.2d 947 (1978). In the circumstances of this case the district court did not commit error by refusing to order disclosure of the witness's new address.

3. Prior to trial the district court ordered appellant to produce handwriting and fingerprint exemplars, as well as saliva and blood samples. Appellant refused to obey the court's orders. The prosecutor attempted to establish appellant's fingerprints at trial by using a 1969 fingerprint card. References on the card to a prior arrest were blocked out. In response to the prosecutor's question as to the card, a police officer witness stated that the card was used "when we fingerprinted people in jail." Appellant's motion for a mistrial was denied. Appellant argues that the denial was error.

Denial of a motion for mistrial is within the trial court's sound discretion. The court's determination will not be disturbed on appeal in the absence of a clear showing of abuse. Sparks v. State, 96 Nev. 26, 604 P.2d 802 (1980). In this case the remark by the witness was relatively brief and innocuous. The district court immediately instructed the jury that the Clark County fingerprint bureau is located at the jail, that fingerprints are taken for many purposes other than criminal activity, and that the jury should not speculate as to the reason for the fingerprinting. Any hint of previous criminal activity was cured by the trial court's admonition to the jury. *See* Allen v. State, 91 Nev. 78, 530 P.2d 1195 (1975).

4. Appellant also claims the district court erred by instructing the jury that refusal to give court-ordered exemplars may be evidence of consciousness of guilt.[1] Appellant does not claim that evidence of the refusal should have been excluded, or that the instruction was an incorrect statement of the law. *See* Theriault v. State, 92 Nev. 185, 547 P.2d 668 (1976). Appellant's sole argument is that the instruction placed undue emphasis on the refusal to give exemplars. While it may have been the better practice not to give the instruction, in this case it cannot be said that appellant's substantial rights were prejudiced by the instruction. *See* State v. Haze, 542 P.2d 720 (Kan. 1975).

[1]The challenged instruction read as follows:

"You are instructed that the refusal of the defendant to give a court-ordered exemplar, while not of itself conclusive, may be evidence of consciousness of guilt and may be considered as such by you."

5.   Appellant next contends that the district court erred by refusing to preclude the state from using a prior felony conviction for purposes of impeachment. The prior conviction for possession of a stolen vehicle occurred in 1977.

Evidence that a witness has been convicted of a felony is admissible for the purpose of attacking credibility. NRS 50.095(1). The decision to admit or exclude evidence of prior offenses is within the discretion of the trial court. Rusling v. State, 96 Nev. 755, 616 P.2d 1108 (1980). We find no abuse of discretion.

6.   Appellant argues that the district court erred by refusing a proposed defense instruction on appellant's belief that the victim consented to the sexual intercourse.[2] Appellant argues that the instruction was a correct statement of the law, *see* People v. Mayberry, 542 P.2d 1337 (Cal. 1975); *cf.* Williams v. State, 95 Nev. 830, 603 P.2d 694 (1979) (defendant's intent is element of sexual assault), and that the instruction was supported by evidence.

A defendant is entitled to have the jury instructed as to his theory of the case. However, an instruction need not be given unless there is supportive evidence. Riddle v. State, 96 Nev. 589, 613 P.2d 1031 (1980); *see* Rusling v. State, 96 Nev. 778, 617 P.2d 1302 (1980). In the present case the record contains no such supportive evidence,[3] and the district court correctly refused the instruction.[4]

---

[2]The proposed instruction read as follows:

"It is a defense to a charge of sexual assault that the defendant entertained a reasonable and good faith belief that the female person voluntarily consented to engage in sexual intercourse. If from all the evidence you have a reasonable doubt whether the defendant reasonably and in good faith believed she voluntarily consented to engage in sexual intercourse, you must give the defendant the benefit of that doubt and acquit him of said charge."

[3]Appellant did not testify that he believed the victim was consenting to the intercourse. Nevertheless, appellant argues that the two letters written to her by appellant, introduced into evidence by the state, tend to show appellant's good faith belief in the consent. We disagree. While appellant stated that his intent was "to please and not injure" her appellant did not state he believed, at the time of the incident, that she was consenting. In fact, appellant admitted that "I was more or less in an uncaring state of mind at the time this event occurred." Neither the letters written by appellant, nor any other evidence in the case, would support the inference that appellant believed the victim consented to the intercourse.

[4]In light of our holding that there was no evidentiary support for the instruction, we need not decide whether it was an accurate statement of the law in this state.

7.  Appellant further contends that a cumulation of prosecutorial misconduct during closing argument resulted in an unfair trial. Appellant first points to the prosecutor's comment on appellant's failure to explain the entry into the victim's home. This comment was directed toward the burglary charge. *See* NRS 205.065. Since appellant was acquitted on that charge, the comment obviously caused no prejudice.

Appellant also cites the prosecutor's statement that defense counsel called the victim a liar. Appellant argues that the statement was an improper attempt to gain sympathy for her and an improper suggestion that defense counsel treated a witness unfairly. However, defense counsel did, in fact, call the victim a liar.[5] The prosecutor's statement in rebuttal was a fair response to defense counsel's argument. *See* Hafer v. People, 492 P.2d 847 (Colo. 1972).

Finally, appellant attacks the following statement by the prosecutor during closing argument:

> I was brought up to believe that there is some good in all of us. For the life of me, on the evidence presented to me, I can't see the good in Jackie Clinton Owens.

A prosecutor must not express personal opinions as to a defendant's guilt because jurors might interpret such opinion as being based on information other than evidence admitted at trial. People v. Bain, 489 P.2d 564 (Cal. 1971). In the present case, however, appellant's objection was sustained and the jury was admonished as to the statement. We presume the admonition was followed by the jury. *See* Stickney v. State, 93 Nev. 285, 564 P.2d 604 (1977). The admonition rendered the prosecutor's statement harmless. Tucker v. State, 86 Nev. 354, 469 P.2d 62 (1970).

Affirmed.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.

---

[5]During his closing argument, defense counsel stated that the victim "may not have told the complete truth," that she "lied under oath," that her testimony was "fabricated," and that she "perjure[d] herself."