132 Nev., Advance Opinion 40

IN THE SUPREME COURT OF THE STATE OF NEVADA

SHAWN RUSSELL HARTE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67519

**FILED**

JUN 02 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

*Affirmed.*

Jeremy T. Bosler, Public Defender, and John Reese Petty, Chief Deputy Public Defender, Washoe County,
for Appellant.

Adam Paul Laxalt, Attorney General, Carson City; Christopher J. Hicks, District Attorney, and Terrence P. McCarthy, Chief Appellate Deputy District Attorney, Washoe County,
for Respondent.

BEFORE DOUGLAS, CHERRY and GIBBONS, JJ.

*OPINION*

By the Court, CHERRY, J.:

NRS 175.552(3) allows a district court judge broad discretion to admit or deny evidence during a first-degree murder penalty hearing so long as the evidence is relevant to the sentence, even if it would not be admissible during the guilt phase of trial. We have previously held that a district court does not abuse its discretion when it allows evidence of the

8/24/16: Corrected per letter to publishers. CT                16 - 17122

codefendants' sentences. *Flanagan v. State*, 107 Nev. 243, 247-48, 810 P.2d 759, 762 (1991), *vacated on other grounds by Moore v. Nevada*, 503 U.S. 930 (1992). We reaffirm our holding in *Flanagan*, concluding, specifically, that the district court has discretion to admit evidence of a codefendant's sentence in a first-degree murder sentencing hearing. Furthermore, we conclude that Harte's challenge to the district court's ruling allowing the State to argue twice during closing arguments at the penalty hearing lacks merit. His contention that his sentence is excessive also lacks merit. We therefore affirm the district court's sentence in this matter.

## FACTS AND PROCEDURAL HISTORY

Appellant Shawn Russell Harte, along with two codefendants, was convicted of first-degree murder with the use of a deadly weapon and robbery with the use of a deadly weapon. During the course of the robbery, Harte shot and killed the victim. Harte was convicted of felony murder and received the death penalty. The fact that the murder was committed during the course of a robbery was the only aggravating factor to support the death sentence. Harte's codefendants were also convicted on the same charges but received life sentences without the possibility of parole. Harte previously appealed, but we affirmed his conviction and death sentence.

Subsequently, this court decided *McConnell v. State*, 120 Nev. 1043, 102 P.3d 606 (2004) (holding that the same felony may not be used both to establish felony murder and as a capital aggravator), and *Bejarano v. State*, 122 Nev. 1066, 146 P.3d 265 (2006) (applying *McConnell* retroactively). Harte then filed a postconviction petition for a writ of habeas corpus challenging his death sentence under *McConnell*. *See State v. Harte*, 124 Nev. 969, 971, 194 P.3d 1263, 1264 (2008). The district court

granted Harte's postconviction petition and vacated the death sentence. We affirmed the district court's decision. *Id.* After a second penalty hearing, a jury sentenced Harte to life in prison without the possibility of parole. This appeal followed.

## DISCUSSION

*The district court was within its discretion when it admitted evidence of the codefendants' sentences.*

Harte argues that the district court erred by admitting evidence of his codefendants' sentences because it deprived him of his right to be sentenced individually. In this, he argues that the life-without-parole sentences his codefendants received were influenced by his invalid death sentence. Harte asks this court to issue an overarching rule that evidence of codefendants' sentences is never admissible in a penalty hearing.[1] The State argues that the decision to admit or deny such evidence should be left to the discretion of the district court on a case-by-case basis. We agree with the State.

Prior to the new penalty hearing, the parties filed competing motions in limine. The State sought permission to introduce the codefendants' sentences of life without the possibility of parole at Harte's new penalty hearing. Harte sought to suppress that information. After considering both parties' arguments, the district court granted the State's motion and denied Harte's. The district court also ruled that the jury would be instructed that it was not bound to sentence Harte based on the sentences his codefendants received.

---

[1]Harte does not argue that the district court abused its discretion, but that the district court should not be allowed discretion in this matter.

"The decision to admit evidence at a penalty hearing is left to the discretion of the trial judge." *Nunnery v. State*, 127 Nev. 749, 769, 263 P.3d 235, 249 (2011). That discretion is not limited to death penalty hearings. *Id.* at 769 n.7, 263 P.3d at 249 n.7. The district court's discretion in a first-degree murder penalty hearing is broad. *Lisle v. State*, 113 Nev. 540, 557, 937 P.2d 473, 484 (1997). "An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Crawford v. State*, 121 Nev. 746, 748, 121 P.3d 582, 585 (2005) (internal quotations omitted).

At a penalty hearing, "evidence may be presented concerning aggravating and mitigating circumstances relative to the offense, defendant or victim *and on any other matter which the court deems relevant to the sentence, whether or not the evidence is ordinarily admissible*." NRS 175.552(3) (emphasis added). The district court must, however, exclude otherwise relevant evidence if it is impalpable, highly suspect, dubious, or tenuous. *Parker v. State*, 109 Nev. 383, 390, 849 P.2d 1062, 1067 (1993).

A district court has discretion to admit or deny evidence of codefendants' sentences. *See Flanagan*, 107 Nev. at 247-48, 810 P.2d at 762. In *Flanagan*, the defendant and his codefendants were convicted of murdering the defendant's grandfather. *Id.* at 245, 810 P.2d at 760. During Flanagan's penalty hearing, the State, with the district court's permission, presented evidence of the sentences that two of Flanagan's codefendants received. *Id.* at 247, 810 P.2d at 762. This court held that NRS 175.552 allows the district court to admit this type of evidence, particularly because the jury was instructed that it was not bound by the previous sentences. *Id.* at 247-48, 810 P.2d 762.

Here, Harte asks this court to overrule *Flanagan* and adopt a rule that a district court should never allow evidence of codefendant's sentences. We decline to issue such a rule because each case has unique facts and circumstances. The district court must be given the discretion to determine if such evidence should be admitted.

*The district court did not abuse its discretion when it allowed the State to open and conclude the closing arguments*

Harte also argues that the district court erred because the mandate in NRS 175.141(5) that the State argue both first and last does not apply in a penalty hearing. He also argues the mandate that the State argue last as found in *Schoels v. State*, 114 Nev. 981, 966 P.2d 735 (1998), does not apply here because *Schoels* was a death penalty case where the State carried a burden of proof. He claims that because the instant case is no longer a death penalty case, the burden no longer exists. We agree to the extent that neither authority required the district court to let the State argue twice in this case but conclude, nonetheless, that it is within the district court's discretion to so rule.

A district court has wide discretion in many facets of trial procedure in the absence of a rigid rule. *See, e.g., Manley v. State*, 115 Nev. 114, 125, 979 P.2d 703, 710 (1999) (stating that the district court has discretion to impose a two-hour time limit on closing arguments); *Williams v. State*, 91 Nev. 533, 535, 539 P.2d 461, 462-63 (1975) (providing that the district court has discretion to reopen evidence after each side rests); *State v. Harrington*, 9 Nev. 91, 94 (1873) (stating that in the interests of justice, a district court may deviate from traditional order of evidence presentation).

NRS 175.141(5) provides that, during a criminal trial, "[w]hen the evidence is concluded, . . . the district attorney, or other counsel for the State, must open and must conclude the argument." We have held that this rule extends to the penalty phase of a capital trial. *Schoels*, 114 Nev. at 989, 966 P.2d at 741. There is no caselaw or statute forbidding a district court from conducting a penalty hearing in a noncapital case in the same manner. Absent such a proscription, we cannot conclude that the district court exceeded the bounds of law or reason. *Crawford*, 121 Nev. at 748, 121 P.3d at 585. Therefore, we conclude that the district court did not abuse its discretion when it allowed the State to start and conclude during closing arguments. The decision to set the order for closing statements in a noncapital penalty hearing is within the district court's discretion.

*Harte's sentence was not cruel and unusual*

Harte argues that life without parole is an excessive sentence because he has spent his time in prison bettering himself and he is no longer the type of unsalvageable prisoner who should never have an opportunity for release. This court reviews death sentences for being excessive, *see* NRS 177.055(2)(e), but there is no statute authorizing such review for life sentences. Harte cites only to *Naovarath v. State*, 105 Nev. 525, 526, 779 P.2d 944, 944 (1989), for the premise that a life without parole sentence should be reserved only for the "deadliest and most unsalvageable of prisoners." Although we do not review nondeath sentences for excessiveness, Harte's argument appears to be a cruel and unusual punishment challenge. We will respond accordingly.

Regardless of its severity, a sentence that is "within the statutory limits is not 'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably

disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (plurality opinion) (explaining that "[t]he Eighth Amendment does not require strict proportionality between crime and sentence[;] . . . it forbids only extreme sentences that are 'grossly disproportionate' to the crime" (citation omitted)). The sentence imposed is within the parameters provided by the relevant statute, *see* NRS 200.030(4), and Harte does not allege that those statutes are unconstitutional. We are not convinced that the sentence imposed is so grossly disproportionate to the crime as to constitute cruel and unusual punishment.

Harte was previously sentenced to death in this matter. His death sentence originally survived our appellate review. Only after this court decided *McConnell* and *Bejarano*, which struck the only aggravating factor supporting Harte's death sentence, did his death sentence become illegal. A sentence of life without the possibility of parole, however, does not require aggravating circumstances. *See* NRS 200.030(4)(b). Life without the possibility of parole is readily available as a sentence for a conviction of first-degree murder. *Id.*

Harte's case is distinguishable from *Naovarath*. Naovarath was a "mentally and emotionally disordered thirteen-year-old child." *Id.* at 532, 779 P.2d at 949. Harte was an adult when he committed his crimes. Additionally, Naovarath was the victim of sexual abuse perpetrated by the decedent in his case. *Id.* at 526, 779 P.2d at 945. Harte killed a complete stranger without provocation. Because of these distinguishing factors, the holding from *Naovarath* is inapplicable here.

Finally, Harte's argument that he is a changed man is out of place in this proceeding. He was appropriately sentenced based on the crime he committed. Although evidence of Harte's rehabilitation in prison was presented to the sentencing jury, it ultimately decided that life without the possibility of parole was the appropriate sentence. We see no reason to substitute our judgment here. Because the jury imposed a sentence within the statutory limit, and that limit is constitutional, we conclude that Harte's sentence is valid.

## CONCLUSION

Accordingly, we order the judgment of conviction affirmed.

_____, J.
Cherry

I concur:

_____, J.
Douglas

GIBBONS, J., concurring in part and dissenting in part:

I concur with the majority in part. The district court properly allowed the State to argue twice during closing arguments at the penalty hearing. I further concur that the sentence is not excessive.

However, I would revisit this court's holding in *Flanagan v. State*, 107 Nev. 243, 247-48, 810 P.2d 759, 762 (1991), regarding the admission of sentences of codefendants in the penalty phase of a first-degree murder hearing. I agree with appellant that there should be a uniform rule for the district courts on this issue for all penalty hearings. Therefore, I would preclude allowing evidence of the codefendants' sentences.

_____, J.
Gibbons