# IN THE SUPREME COURT OF THE STATE OF NEVADA

RODERICK WAYNE HICKS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68087

**FILED**

JUL 2 8 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of trafficking in a controlled substance. Eighth Judicial District Court, Clark County; J. Charles Thompson, Senior Judge.

Appellant Roderick Hicks argues that the district court erred by refusing to grant his request for a mistrial after hearsay evidence was improperly admitted. We conclude that the district court did not abuse its discretion by denying Hicks' motion for a mistrial. Hicks also contends that the evidence presented at trial was insufficient to support his conviction. We disagree. Accordingly, we affirm the district court's judgment of conviction.[1]

On May 13, 2014, two police officers performed a "knock and talk" at the apartment where Hicks was residing. Hicks' girlfriend answered the door and gave the officers permission to search the home.

---

[1]Hicks also argues that the State engaged in prosecutorial misconduct and that the district court erred by (1) allowing an officer to testify that he was in direct possession of cocaine, (2) failing to grant his request for a mistrial due to introduction of bad act evidence, and (3) rejecting his proposed jury instructions. We conclude that each of these contentions lack merit.

16-23559

The officers found Hicks in an upstairs bedroom of the apartment. They also found approximately 9.7 grams of a cocaine substance and a digital scale in plain view on a nightstand in the bedroom. The officers placed Hicks under arrest.

The State charged Hicks with one count each of trafficking in a controlled substance and possession of a controlled substance with intent to sell. During trial, the officers testified to their interactions with Hicks and his girlfriend at the apartment. One officer testified that Hicks referred to the apartment as home and that Hicks told him he was living at the apartment. When questioned on cross-examination as to whether the officers asked neighbors if they recognized Hicks, the other officer testified that Hicks' girlfriend advised him that Hicks lived there and was selling crack from the apartment.[2] After the officer's comment, the district court instructed the jury to disregard the testimony. At the conclusion of trial, the jury found Hicks guilty of trafficking in a controlled substance and not guilty of possession of a controlled substance with intent to sell.

*Hearsay*

Hicks argues that the officers' introduction of Hicks' girlfriend's statement warrants a mistrial because it was inadmissible hearsay that was so prejudicial that it prevented him from receiving a fair trial. "Denial of a motion for mistrial is within the trial court's sound discretion. The court's determination will not be disturbed on appeal in the absence of a clear showing of abuse." *Owens v. State*, 96 Nev. 880, 883,

---

[2]We note that the other officer made a similar statement while testifying, but we address this particular statement because it provides more information.

620 P.2d 1236, 1238 (1980). "[T]he applicable standard of review requires appellant to prove that the inadvertent statement was so prejudicial as to be unsusceptible to neutralizing by an admonition to the jury." *Allen v. State*, 99 Nev. 485, 490, 665 P.2d 238, 241 (1983).

We conclude that Hicks has not met this burden. The court sustained Hicks' objection, struck the answer from the record, instructed the jury to disregard the answer, and issued a curative jury instruction. Because Hicks has not shown that the statement was so prejudicial that these remedial measures were insufficient to neutralize the statement, the district court did not abuse its discretion by denying Hicks' request for a mistrial.

*Sufficiency of evidence*

Hicks argues that he was convicted based on insufficient evidence in violation of federal and state constitutional guarantees. He claims that the evidence presented at trial does not establish proof beyond a reasonable doubt that he committed the crime, and that the evidence actually shows that his girlfriend possessed the drugs.

We review the evidence in a light most favorable to the prosecution and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (alteration in original) (internal quotation omitted). Upon review of the record, we conclude that there was sufficient evidence for the jury to find Hicks guilty beyond a reasonable doubt of knowingly or intentionally being "in actual or constructive" possession of' a schedule I controlled substance in a quantity between 4 and 14 grams. NRS 453.3385(1)(a). "[P]ossession may be imputed when the contraband is found in a location which is immediately and exclusively accessible to the accused and subject to her

dominion and control." *Glispey v. Sheriff*, 89 Nev. 221, 223, 510 P.2d 623, 624 (1973).

In this case, there was sufficient evidence for the jury to find that the cocaine substance was subject to Hicks' dominion and control. An officer testified that Hicks referred to the apartment as home and that Hicks told him he was living at the apartment. The officer also testified that Hicks was in the bedroom with the cocaine and scale in plain sight. Therefore, the testimonial evidence relied upon was sufficient for the jury to find Hicks guilty of trafficking in a controlled substance.

Based on the foregoing, we ORDER the judgment of conviction AFFIRMED.

_____Cherry_____, J.
Cherry

_____Douglas_____, J.
Douglas

_____Gibbons_____, J.
Gibbons

cc: Chief Judge, The Eighth Judicial District Court
Hon. J. Charles Thompson, Senior Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

