*939 OPINION
By the Court,
Steffen, C. J.:
On the evening of September 15, 1991, Valerie Ellis and her family returned to their home in Reno, Nevada. Before Ellis retired to bed, she closed the windows and doors in her house. In the morning, Ellis discovered an open window in the family room. Her purse and her husband’s wallet were located on the ground beneath the window. Although the amount of money taken was unclear, between one hundred and fifty and three hundred dollars were missing from the purse and wallet. The previous night, Ellis placed these items on the kitchen counter.
Ellis also discovered that her locked file box had been removed from the house and was located on the ground. The lid had been pried off but nothing was missing from the file box. The police discovered a screen leaning against the house that had been pried off the family room window. After examining the area, the police determined that someone had broken into Ellis’ house.
The police obtained a partial thumbprint from the screen and three fingerprints from the file box. An experienced latent-fingerprint examiner determined that the fingerprint obtained from the screen belonged to Michael Joseph Geiger. The state charged Geiger with one count of burglary. The information also charged Geiger with being a habitual criminal and listed Geiger’s eight prior convictions.
At the jury trial, the district court clerk read a portion of the charge from the information in the presence of the jury as follows:
Michael Joseph Geiger, the defendant above named, has committed the crime of: Count I. BURGLARY, a violation *940 of NRS 205.060, a felony, in the manner following: That the said defendant on or between the 15th day of September A.D. 1991, and the 16th day of September A.D. 1991, or thereabout, and before the filing of this Information, at and within the County of Washoe, State of Nevada, did willfully and unlawfully enter a certain house located at 1675 Majestic, Reno, Washoe County, Nevada, and being the house of VALERIE ELLIS with the intent then and there to commit larceny therein, after having been previously convicted of Burglary in 1989.[1]
The district court then held a bench conference. After the state presented its opening statement, the district court judge gave the following admonition to the jury:
I want to correct a possible apprehension that you might have received when my clerk read the Information to you.
As she indicated to you, this thing is called an Amended Second Information. In other words, it’s very recently been changed. And there was a mistake made by the typist, [who] inserted some language that didn’t belong there.
She read something about “after having been previously convicted” of something. There is no previous conviction. He is not charged with any prior offenses of any kind. The State is not obligated to prove that. It is a matter which is not before you.
And all of you agreed as we went through the process of selecting you, that you would follow my instructions, and I ask you and I order you and I expect from you to follow my instructions now to disregard any of that mistakenly-written language.
The district court judge then read to the jury the information without the language “after having been previously convicted of Burglary in 1989.” The district court acknowledged Geiger’s objection for the record and subsequently denied Geiger’s motion for a mistrial. The district court concluded that its admonition was sufficient to eliminate any prejudice to Geiger, provided that no further mention was made of Geiger’s prior conviction.
At trial, the evidence presented by the state linking Geiger to the crime was Geiger’s fingerprint found on the pried-off window frame and the testimony of Ellis that she did not know or recognize Geiger and that Geiger had never been to her home for any purpose. The jury returned a verdict of guilty on the charge *941 of burglary. The district court adjudicated Geiger to be a habitual criminal and sentenced him to serve fourteen years in the Nevada State Prison. This appeal followed.
Geiger first contends that the evidence presented at trial was insufficient to support the jury's finding of guilt on the burglary charge.[2] Geiger's contention lacks merit. We have held that "[w]hen fingerprints of the defendant are found where the crime was committed, and circumstances rule out the possibility that they might have been imprinted at a different time than when the crime occurred, a conviction is warranted." Carr v. State, 96 Nev. 936, 939, 620 P.2d 869, 871 (1980) (citing Hervey v. People, 495 P.2d 204 (Cob. 1972)). Corroborating evidence is not required. Id.
Geiger's fingerprint was located at the point of entry. The police lifted Geiger's fingerprint from a window screen pried off of a window which had been opened. Further, Ellis testified that she did not know or recognize Geiger and that he had never been to her home for any purpose. We conclude that this was sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. See Wilkins v. State, 96 Nev. 367, 609 P.2d 309 (1980). Accordingly, we affirm the judgment of conviction.
Geiger next contends that the district court clerk's statement to the jury alluding to Geiger's prior conviction was contrary to the mandate of NRS 207.010(5).[3] Further, Geiger contends that the district court's limiting instruction was insufficient to eliminate the prejudice to Geiger and the district court erred in denying Geiger's motion for a mistrial. In response, the state contends that the district court did not err in denying Geiger's motion for a mistrial. Further, even if the district court erred, the state contends that the reference to Geiger's prior conviction was harmless.
The district court clerk's statement in the presence of the jury *942 regarding Geiger's prior conviction was contrary to the mandate of NRS 207.010(5). However, it is within the sound discretion of the trial court to determine whether a mistrial is warranted. Owens v. State, 96 Nev. 880, 620 P.2d 1236 (1980); Sparks v. State, 96 Nev. 26, 604 P.2d 802 (1980). Absent a clear showing of abuse of discretion, the trial court's determination will not be disturbed on appeal. Id. Accordingly, Geiger must demonstrate that the district court abused its discretion in denying Geiger's motion for a mistrial. In doing so, Geiger must prove that the inadvertent reference to his prior conviction "was so prejudicial as to be unsusceptible to neutralizing by an admonition to the jury." Allen v. State, 99 Nev. 485, 490, 665 P.2d 238, 241 (1983).
To determine whether an inadvertent reference to a prior criminal activity is so prejudicial that it cannot be cured by an admonition to the jury, the following four factors may be considered: (1) whether the remark was solicited by the prosecution; (2) whether the district court immediately admonished the jury; (3) whether the statement was clearly and enduringly prejudicial; and (4) whether the evidence of guilt was convincing. Allen v. State, 99 Nev. 485, 490-91, 665 P.2d 238, 241-42 (1983).
In applying the factors in Allen, we conclude that the inadvertent reference to Geiger's prior conviction was not so prejudicial that it could not be neutralized by the admonition to the jury. First, the reference to Geiger's prior conviction was inadvertently made by district court clerk, and therefore, was not solicited by the prosecution. Second, the district court admonished the jury almost immediately after the reference was made and prior to the presentation of evidence. The admonition was very thorough because the district court not only instructed the jury to disregard the language regarding the prior conviction, but also stated that the language was a mistake and that there was no prior conviction. Third, the reference was not clearly and enduringly prejudicial. The reference constituted only one brief reference during the two-day trial and it was followed by a thorough admonition to the jury. Finally, the evidence of guilt was convincing. As we have concluded, there was sufficient evidence to support the conviction. Accordingly, we conclude that the district court did not abuse its discretion in denying Geiger's motion for a mistrial.[4] The judgment of conviction is affirmed.
YOUNG and SPRINGER, 31, concur.

The record is unclear as to when the district court clerk stopped reading the information, because the court reporter did not transcribe the exact words read by the district court clerk. In their appellate briefs, the parties dispute whether the district court clerk read “after having been previously convicted of Burglary in 1989,” or “after having been previously convicted of. . . . ”

Although Geiger is represented by counsel in this appeal, he submitted a supplemental opening brief in proper person contending that there was insufficient evidence to support the jury verdict.

NRS 207.010(5) applies to habitual criminals and provided, in relevant part, at the time of Geiger's conviction in 1992:
If a count under this section is included in an information charging the primary offense, each previous conviction must be alleged in the accusatory pleading, but no such conviction may be alluded to on trial of the primary offense, nor may any allegation of the conviction be read in the presence of a jury trying the offense or a grand jury considering an indictment for the offense.

Although this court has not granted appellant permission to proceed in proper person, we have received and considered appellant's proper person *943 documents. See NRAP 46(b). We deny appellant’s motion to grant the appeal for failure of the state to respond to appellant’s supplemental opening brief. We further deny appellant’s motion to submit as moot.