RUDY ROMO, APPELLANT, v. MICHAEL KEPLINGER AND SUSAN F. ROMO, RESPONDENTS.

No. 30541

KEVIN MIRCH AND STEPHEN J. HEALY, PETITIONERS, v. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, AND THE HONORABLE CONNIE J. STEINHEIMER, DISTRICT JUDGE, RESPONDENTS, AND MICHAEL KEPLINGER, SUSAN F. ROMO, SCOTT FREEMAN, AND MARK WRAY, REAL PARTIES IN INTEREST.

No. 30544

May 19, 1999                                    978 P.2d 964

*Kevin J. Mirch* and *Stephen J. Healy,* Reno, for Appellant and Petitioners.

*Scott N. Freeman,* Reno; *Mark Wray,* Reno, for Respondents and Real Parties in Interest.

Before YOUNG, SHEARING and LEAVITT, JJ.

## OPINION

*Per Curiam:*

Appellant Rudy Romo (Rudy) and respondent Michael Keplinger (Michael) engaged in a fistfight. Rudy required surgery to repair his eye socket, nose and teeth. Michael had a broken hand and a gash on his forehead. At the time of the altercation, Michael was dating Rudy's former wife, respondent Susan Romo (Susan). Rudy filed a civil case alleging assault, battery, abuse of process and other claims. Michael filed a counterclaim for damages and alleged self-defense. Susan filed an answer.

The matter proceeded to trial. After jury selection, the district court, at the request of the respondents' attorneys, invoked the exclusion of witnesses rule pursuant to NRS 50.155.[1] The district judge announced from the bench, ''The rule of exclusion has been

---

[1]NRS 50.155 reads in part:

    1.   Except as otherwise provided in subsections 2 and 3, at the request of a party the judge shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and he may make the order of his own motion.

    2.   This section does not authorize the exclusion of:

    (a) A party who is a natural person;

    (b) An officer or employee of a party which is not a natural person designated as its representative by its attorney;

    (c) A person whose presence is shown by a party to be essential to the presentation of his cause; or

    (d) Except as otherwise provided in NRS 171.204, any of the persons listed in subsection 1 of that section.

invoked. That means anyone who is a potential witness must wait outside and may only discuss their testimony with the attorneys in this case and with no other parties or witnesses." During the trial the judge noted, "there have been from four to eight people at all times who have been here in the courtroom and then go out." During the examination of a witness the court asked if Rudy's attorneys had told him not to talk to anyone about the case, and he replied in the negative.

The judge cleared the courtroom and stated she had told the attorneys that they must inform all their witnesses they could not talk to anyone else except the attorneys. Rudy's attorneys (petitioners) denied that the judge told them it was their duty to tell the witnesses of the exclusion rule. The record is devoid of any such statement of the court. Later, the judge commented, "I don't know how we are going to ever have a trial if they have been out in the hallway talking to all the people and all the observers."

The respondents' attorneys moved for a mistrial. The judge granted the motion and discharged the jury. Rudy moved for an evidentiary hearing to have witnesses testify as to whether they had talked to one another or to the spectators in the courtroom about the case. The judge replied, "Well, it's five minutes to five. We can't have much of a hearing at this point. . . . I think this is over. I have granted the mistrial. Court's in recess."

In a later, separate order, the judge awarded the respondents $24,855.00 in attorney fees and $4,777.65 in costs for a total of $29,632.65. These attorney fees were imposed as sanctions upon petitioners.

The decision to grant a mistrial is "within the sound discretion of the trial court" and will not be overturned absent an abuse of discretion. Geiger v. State, 112 Nev. 938, 942, 920 P.2d 993, 995 (1996) (citing Owens v. State, 96 Nev. 880, 883, 620 P.2d 1236, 1238 (1980)). Several options are available to the trial judge when a witness violates the rule of witness exclusion. The judge may hold the witness in contempt, allow cross-examination concerning the violation, prevent the witness from testifying, give a curative jury instruction and, finally, declare a mistrial. The granting of a mistrial is the most severe of all options.

A similar problem faced an Illinois court where the trial judge granted a directed verdict before the plaintiff finished presenting its case, as a sanction for violation of the exclusion of witnesses rule. The appellate court stated, "Our research . . . has failed to uncover any reported decision where a trial court has directed a verdict . . . as a sanction for the violation of an order excluding witnesses. . . ." Smith v. City of Chicago, 702 N.E.2d 274, 279-80 (Ill. App. Ct. 1998).

Here, the trial judge did not make a record as to the extent of the violation of the rule and refused to hold an evidentiary hearing to examine the witnesses under oath. Thus, it appears on the record that the trial judge abused her discretion by granting a mistrial, especially since controversies should, if possible, be determined after a full trial. Rudy is entitled to a new trial by virtue of NRS 16.150.[2]

The trial court, in its order dismissing the action, quoted from Young v. Johnny Ribeiro Building, 106 Nev. 88, 787 P.2d 777 (1990), by saying that the court has " 'inherent equitable powers to dismiss actions or enter default judgments for . . . abusive litigation practices.' " Id. at 92, 787 P.2d at 779 (quoting TeleVideo Systems, Inc. v Heidenthal, 826 F.2d 915, 916 (9th Cir. 1987)) (citations omitted). However, in the same case this court said, "[W]hile dismissal need not be preceded by other less severe sanctions, it should be imposed only after thoughtful consideration of all the factors involved in a particular case." Id. at 92, 787 P.2d at 780 (citing Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989)).

In this case, the judge did not hold an evidentiary hearing requested by Rudy to determine the extent of the violation and who was responsible, instead relying on the court's inherent power to dismiss the action. It was an abuse of discretion to dismiss the case based on the record before the court. It follows that the award of sanctions for attorney's fees and costs was a manifest abuse of discretion warranting extraordinary relief.

Accordingly, we grant the petition in Docket No. 30544. The clerk of this court shall issue a writ of mandamus compelling the district court to vacate its order sanctioning petitioners. In Docket No. 30541, we reverse the district court's order dismissing the complaint and remand this matter to the district court for a new trial pursuant to NRS 16.150.

---

[2]NRS 16.150 reads:

In all cases where a jury are [sic] discharged, or prevented from giving a verdict by reason of accident or other cause during the progress of the trial, or after the cause is submitted to them, the action may be again tried, immediately or at a future time, as the court shall direct.