An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CARLTON GARDNER A/K/A CARLTON TREMAYNE GARDNER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60568

FILED

MAR 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of burglary. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge. Appellant Carlton Gardner raises multiple arguments on appeal.

First, Gardner argues that his due process and equal protection rights were violated because there were a disproportionate number of minorities in the venire panel. To demonstrate a violation of the requirement that a venire be selected from a fair cross section of the community, a defendant must show that (1) a distinctive group in the community was excluded, (2) the group was not fairly represented in the venires from which juries are drawn, and (3) the group was systematically excluded from the venires by the jury selection process. Williams v. State, 121 Nev. 934, 940, 125 P.3d 627, 631 (2005). Because Gardner failed to establish that the method of selecting jurors from the community systematically excluded members of minority groups, we conclude that he is not entitled to relief on this claim.

Second, Gardner claims that the district court committed error when, during voir dire, it asked venirepersons to identify their race but

13-07633

limited them to choosing black, white, or Asian, stating that only those three races existed. As a result, several Hispanic venirepersons were told that they could not identify as such and were reclassified as one of the three races specified by the district court. Gardner claims that this required Hispanic venirepersons to violate their oaths to be truthful and "skewed" the racial make-up of the venire to make it appear that there were more African Americans. Primarily, we note that race is a social construct, not a biological one, and that the district court's understanding of race is outdated and inaccurate. See Saint Francis College v. Al-Khazraji, 481 U.S. 604, 610 n.4 (1987); see also Lisa K. Pomeroy, Restructuring Statistical Policy Directive No. 15: Controversy over Race Categorization and the 2000 Census, 32 U. Tol. L. Rev. 67, 69 (2000). Regardless, a fair cross section challenge is not limited to racial classifications. See Williams, 121 Nev. at 940, 125 P.3d at 631; Berghuis v. Smith, 559 U.S. 314, ___, 130 S. Ct. 1382, 1388, (2010) (noting that a defendant need only show that the group alleged to be excluded is a distinctive group in the community). While we are concerned by the district court's actions in this case, we discern no cognizable error from the record and conclude that no relief is warranted.

Third, Gardner argues that the district court abused its discretion when it denied his request to represent himself. Although a criminal defendant has the right to represent himself, a district court must first "ensure that the defendant is competent and that the waiver of counsel is knowing, voluntary, and intelligent." Hymon v. State, 121 Nev. 200, 212, 111 P.3d 1092, 1101 (2005). We give deference to a district court's determination of whether a defendant fully understands the disadvantages and attendant risks of self-representation. Graves v. State,

SUPREME COURT
OF
NEVADA

(O) 1947A

2

112 Nev. 118, 124, 912 P.2d 234, 238 (1996) ("Through face-to-face interaction in the courtroom, the trial judges are much more competent to judge a defendant's understanding than this court."). Considering the record as a whole, and giving deference to the findings of the district court, we conclude that the district court did not abuse its discretion in denying Gardner's request. See Gallego v. State, 117 Nev. 348, 362, 23 P.3d 227, 236-37 (2001).

Fourth, Gardner argues that the district court abused its discretion by denying his request for the appointment of new counsel. Absent a showing of adequate cause, a defendant is not entitled to reject his court-appointed counsel and request substitution of other counsel at public expense. Garcia v. State, 121 Nev. 327, 337, 113 P.3d 836, 842 (2005), holding modified on other grounds by Mendoza v. State, 122 Nev. 267, 274, 130 P.3d 176, 180 (2006). In this case, the district court inquired into Gardner's reasons for wanting to dismiss counsel and determined that none had merit. See id. at 337-38, 113 P.3d at 842-433 (an irreconcilable conflict or significant breakdown requires more than a client's unsubstantiated allegations of inattention or failure to follow the client's wishes). Having considered the extent of the alleged conflict between Gardner and his counsel, the timeliness of his motion, and the adequacy of the district court's inquiry into his complaints, we conclude that the district court did not abuse its discretion in denying Gardner's request. Id.

Fifth, Gardner claims that the district court violated his right to due process by denying his request for a mistrial when a police officer testified that Gardner had been arrested before. Gardner notes, and the State concedes, that the district court applied the incorrect standard in denying his motion for a mistrial. While the district court erroneously

applied the manifest necessity standard, we conclude the district court did not abuse its discretion in denying the motion. See Rudin v. State, 120 Nev. 121, 142-43, 86 P.3d 572, 586 (2004). To determine whether a reference to prior criminal activity necessitates a mistrial, a court may consider "(1) whether the remark was solicited by the prosecution; (2) whether the district court immediately admonished the jury; (3) whether the statement was clearly and enduringly prejudicial; and (4) whether the evidence of guilt was convincing." Geiger v. State, 112 Nev. 938, 942, 920 P.2d 993, 995-96 (1996). Here, the statement was spontaneously given in response to a question from the defense, the defense asked that the district court instruct the jury to disregard the statement before deliberations, and the statement was not enduringly prejudicial. Moreover, there was overwhelming evidence that Gardner entered the bar on two occasions with the intent to commit larceny. See Sherman v. State, 114 Nev. 998, 1008, 965 P.2d 903, 910 (1998); NRS 205.060. The bar area of the establishment was obviously closed to the public, and, in order to gain access, Gardner had to enter through an employee doorway and crawl under the bar. Gardner brought with him an empty duffle bag and immediately left on a bicycle positioned directly outside the nearest exit but far from any entrance. The thefts were caught on videotape and witnessed by security officers. Accordingly, we conclude that Gardner is not entitled to relief on this claim.

Sixth, Gardner claims that the district court abused its discretion by refusing his proposed negatively-phrased jury instruction. The district court denied his instruction on the grounds that it was cumbersome and that it was substantially covered by other instructions. We disagree. "A positive instruction as to the elements of the crime does

not justify refusing a properly worded negatively phrased position or theory instruction." Brooks v. State, 124 Nev. 203, 211, 180 P.3d 657, 662 (2008) (internal quotation marks and alternation omitted). "[T]he district court is ultimately responsible for not only assuring that the substance of the defendant's requested instruction is provided to the jury, but that the jury is otherwise fully and correctly instructed." Crawford v. State, 121 Nev. 744, 754-55, 121 P.3d 582, 589 (2005). Here, Gardner's instruction was an accurate statement of the law which clearly informed jurors if they were to find that he formed the intent to steal after he entered the bar he was not guilty of the crime. Thus, the district court should have given the instruction or a version thereof. See id. However, because there was overwhelming evidence of his guilt, we conclude that any error in failing to give the instruction was harmless beyond a reasonable doubt. See Allred v. State, 120 Nev. 410, 415, 92 P.3d 1246, 1250 (2004).

Seventh, Gardner argues that the district court violated his right to due process by sentencing him as a habitual offender based on ten prior convictions when it was only presented with nine. Because Gardner failed to object below, we review for plain error affecting his substantial rights. See NRS 178.602; Cordova v. State, 116 Nev. 664, 666, 6 P.3d 481, 482–83 (2000). Because the district court and defense counsel indicated that the correct number of prior convictions were presented at the time of sentencing, and Gardner failed to demonstrate otherwise, we conclude that the district court did not plainly err. See Patterson v. State, 111 Nev. 1525, 1530, 907 P.2d 984, 987 (1995) ("An error is plain if the error is so unmistakable that it reveals itself by a casual inspection of the record." (all quotation marks omitted)). Moreover, even assuming that a prior conviction was missing from the packet at the time of sentencing, any

error was harmless because the district court was presented with far more than the requisite number of prior convictions to sentence Gardner as a habitual offender and its comments at sentencing indicate that the sentence would not have been different. <u>See</u> NRS 207.010(1)(a).

Eighth, Gardner argues that cumulative error entitles him to relief. Having considered Gardner's claims, we conclude that no relief is warranted. <u>See</u> <u>Big Pond v. State</u>, 101 Nev. 1, 3, 692 P.2d 1288, 1289 (1985) (relevant considerations "include whether the issue of innocence or guilt is close, the quantity and character of the error, and the gravity of the crime charged"). Accordingly, we

ORDER judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. Valorie J. Vega, District Judge
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

