An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TIM EUGENE BERTAGNOLLI A/K/A TIM E. BERTAGNOLLI F/K/A T.E. BERTAGNOLLI A/K/A TIM BERTAGNOLLI, AN INDIVIDUAL AND T.E. BERTAGNOLLI & ASSOCIATES, INC. D/B/A BERTAGNOLLI AGGREGATES, A NEVADA CORPORATION,<br>Appellants/Cross-Respondents,<br>vs.<br>JACK WHITE, AN INDIVIDUAL; JACK WHITE CUSTOM HOMES, A NEVADA CORPORATION; DAYTON VALLEY ESTATES, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND RETIREMAN, LLC, A NEVADA LIMITED LIABILITY COMPANY,<br>Respondents/Cross-Appellants. | No. 55691<br><br>**FILED**<br><br>JUN 2 5 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY _____<br>DEPUTY CLERK |

DENNIS SMITH, AN INDIVIDUAL; DAVID D. WINCHELL, AN INDIVIDUAL; AND WESTERN ENGINEERING & SURVEYING SERVICES, A GENERAL PARTNERSHIP,
Appellants,
vs.
JACK WHITE, AN INDIVIDUAL; JACK WHITE CUSTOM HOMES, A NEVADA CORPORATION; DAYTON VALLEY ESTATES, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND RETIREMAN, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondents.

13-18619

*ORDER OF REVERSAL AND REMAND*

These are appeals and a cross-appeal from a final judgment in an action involving the sale of water rights and post-judgment orders awarding attorney fees and costs and denying NRCP 60(b) relief. First Judicial District Court, Carson City; James E. Wilson, Judge[1], and Robert E. Rose, Senior Judge.

Respondents Jack White and Retireman LLC bought water rights from appellant Tim Eugene Bertagnolli. White needed the water rights for a planned residential housing development and Retireman needed water rights for a retail tire shop. Both White and Retireman allegedly relied on the advice of appellant Western Engineering & Surveying Services, who affirmed that Bertagnolli's water rights could be used for these purposes. However, when respondents tried to use their water rights, the State Engineer refused to approve the transfers based on language in Bertagnolli's original water permit indicating that his water rights were only temporary. White and Retireman filed a complaint against Bertagnolli and Western alleging numerous claims for relief. Bertagnolli sought indemnification from Western and vice versa. Four days into trial, Western settled with both respondents and the court approved the settlement. Bertagnolli made his first motion for mistrial at that time, which was denied. The jury subsequently found against Bertagnolli.

This appeal involves a challenge to the district court's interlocutory decision granting an oral motion accepting a good faith

---

[1]Judge Wilson presided over the hearing at which Bertagnolli alleges the errors occurred.

settlement proposal and a subsequent refusal by the district court to grant a motion for a mistrial. We review both challenges for an abuse of discretion. *Doctors Co. v. Vincent*, 120 Nev. 644, 652, 98 P.3d 681, 686-87 (2004); *Romo v. Keplinger*, 115 Nev. 94, 96, 978 P.2d 964, 966 (1999).

In analyzing whether a settlement was made in good faith, a district court should consider all relevant facts available to it, which includes evaluating the settlement amount, the financial condition of the settling defendants, and the "relative liability permutations of the particular contribution or indemnity action known to it, including the strengths and weaknesses of the contribution or indemnity claims." *Doctors Co.*, 120 Nev. at 652, 98 P.3d at 686-87; *see also Velsicol Chemical Corp. v. Davidson*, 107 Nev. 356, 360, 811 P.2d 561, 563 (1991); *In re MGM Grand Hotel Fire Litig.*, 570 F. Supp. 913, 927 (D. Nev. 1983). Having reviewed the parties' briefs, oral arguments, and the appellate record, we conclude that the district court abused its discretion in approving the settlement because it failed to consider the full ramifications of the indemnification and the financial positions of the parties. Specifically, in deciding that the Western settlement was in good faith, the district court's order notes only that it considered "the apparent value of the settlement, Western's insurance limits, and the lack of acts which would injure Bertagnolli." This portion of the district court's order was wholly insufficient, as it failed to provide analysis concerning the financial condition of the settling parties and indemnification, both significant factors under the circumstances. The district court further abused its discretion because, at the time the motion was made, the financial terms of the settlement were not concrete. While not required by statute, a settlement of this magnitude should have been set forth in a

written order detailing the district court's rationale for approving the settlement terms—a few pages of oral record is unsatisfactory. As a result of this abuse of discretion, the settlement cannot pass muster.

Even if the settlement had been made in good faith, the district court also abused its discretion by refusing to grant Bertagnolli's first motion for mistrial because the timing of the settlement severely prejudiced Bertagnolli's ability to appropriately defend the action. The record reveals that but for Western's lack of due diligence in inspecting Bertagnolli's original permit, White and Retireman would not have purchased the water rights. If Western had knowledge of the Bertagnolli's temporary water rights, Western should have advised against the purchase. Thus, Western was an active participant and quite possibly primarily responsible for the wrongs that caused the sale of temporary water rights. *See Doctors*, 120 Nev. at 653, 98 P.3d at 687-88 ("'The right of indemnity rests upon a difference between the primary [active] and the secondary [passive] liability of two persons, each of whom is made responsible by the law to an injured party.") With Western out of the picture, liability was completely shifted to Bertagnolli and his trial strategy had to change midway through trial. Therefore, we are not convinced that Bertagnolli received a fair trial. A new trial, or even a newly seated jury, would have alleviated any prejudice caused by the settlement.

We also note that the district court did not provide the jury with a special verdict form to assess the comparative fault of the codefendants. "The general verdict rule does not apply in a case that involves special findings that assign specific damages on specific theories of recovery." *Skender v. Brunsonbuilt Constr. & Dev. Co.*, 122 Nev. 1430,

1438, 148 P.3d 710, 716 (2006). A special verdict form should be used where there exists more than one theory of liability or defense. *Id.* Here, because Bertagnolli argued indemnification and comparative fault from the outset, a special verdict form is proper. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for further proceedings consistent with this order.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    James E. Wilson, District Court Judge
       Robert E. Rose, Senior Judge
       William E. Nork, Settlement Judge
       J.M. Clouser & Associates, Ltd.
       Holland & Hart LLP/Reno
       Lemons, Grundy & Eisenberg
       Sullivan Law Offices
       Carson City Clerk

---

[2]Because we are reversing and remanding for further proceedings, we need not address Bertagnolli's additional claims of error.

