# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICARDO RANGEL QUINTANILLA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67669

FILED

SEP 22 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, for sexual assault. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant first contends that the district court erred when it admitted statements he made to police because those statements were obtained during a custodial interrogation when he had not been advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). The district court's determination about whether a suspect was in custody at the time he made a statement presents mixed questions of law and fact, and this court grants deference to the district court's findings of facts but reviews de novo the legal question of whether a reasonable person in the suspect's situation would feel free to leave. *Rosky v. State*, 121 Nev. 184, 190-91, 111 P.3d 690, 694-95 (2005). Appellant voluntarily awaited the police's arrival in front of his own house and then was questioned while standing on a public street without being placed in handcuffs or physically restrained otherwise. Additionally, he voluntarily responded to questions, the police questioning appeared more investigatory than confession-

16-29455

seeking, the police did not use deception or strong-arm tactics, and he was not formally under arrest when he made the statements at issue.[1] *See State v. Taylor*, 114 Nev. 1071, 1081-82, 1082 n.1, 968 P.2d 315, 323 & n.1 (1998) (listing the factors this court considers in determining whether a custodial interrogation occurred). In fact, the police had just responded to the scene and were attempting to determine what had occurred when appellant made the statements at issue. Accordingly, we conclude that appellant was not in custody when he made the statements and the district court did not err in denying appellant's motion to suppress the statements.

Second, appellant argues that the district court abused its discretion by admitting evidence that a few nights before the sexual assault the victim woke to appellant standing next to her bed watching her. Appellant asserts that because the incident was a prior bad act, the court erred by not holding the required hearing pursuant to *Petrocelli v. State*, 101 Nev. 46, 692 P.2d 503 (1985), or issuing a limiting jury instruction regarding the evidence. We conclude that the evidence in question did not implicate a prior bad act and was admissible independent of NRS 48.045(2), and thus a *Petrocelli* hearing and a limiting jury instruction were unnecessary. Also, because the victim reported the incident to her mother prior to the sexual assault and informed her mother that the incident had made her feel very uncomfortable, the evidence was relevant and had probative value to contradict appellant's defense that the sex was consensual. Thus, the district court did not

---

[1] A police officer's dashboard camera captured the police's conversation with appellant. The first ten minutes of that conversation were shown to the jury and the video clip is part of the record before this court.

abuse its discretion by admitting evidence of the incident. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) (explaining that a district court's decision to admit or exclude evidence is reviewed for an abuse of discretion).

Third, appellant asserts that the State withheld exculpatory or impeachment evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to provide him with the personnel files of two police officers who responded to the scene of the sexual assault but were no longer with the police department. Because the district court conducted an in camera review of the personnel files and concluded that they were irrelevant and because these officers were not going to be called as witnesses at the trial, and thus, their files could not be used to impeach them, appellant was not prejudiced by not having access to these files as there is no "reasonable probability that the result would be different if the evidence had been disclosed."[2] *See Mazzan v. Warden*, 116 Nev. 48, 66-67, 993 P.2d 25, 36-37 (2000) (explaining that this court reviews a *Brady* violation de novo and will not overturn unless the evidence was favorable to the defendant, the State withheld the evidence, and the defendant was prejudiced). Thus, there was no *Brady* violation.

Fourth, appellant argues that the district court abused its discretion by failing to give the jury an instruction about the police's inadequate investigation. Because he was allowed to question the police

---

[2]Appellant argues that the district court should not have allowed the City of Henderson to make a special appearance to contest the disclosure of the personnel files. Because appellant fails to present a cogent argument as to how the City of Henderson's special appearance prejudiced him or resulted in reversible error here, we decline to address this issue. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

witnesses about the inadequacies of their investigation and because the evidence appellant alleges the police failed to gather was not material, as it would likely not have demonstrated that the victim consented to have sex with appellant, the district court did not abuse its discretion in denying appellant's request to issue an inadequate police investigation jury instruction. *See Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) (providing that this court reviews the district court's decision regarding jury instructions for an abuse of discretion); *see also Daniels v. State*, 114 Nev. 261, 268, 956 P.2d 111, 115 (1998) (explaining that in determining if the police's failure to gather evidence rises to the level of injustice, the court must consider whether the evidence was material).

Lastly, appellant contends that the district court erred in allowing the victim's parents to testify when they were present at the preliminary hearing after the exclusionary rule was invoked and that the district court abused its discretion in denying appellant's motion for a mistrial after it became clear that witnesses, the victim and her family, were discussing their testimony during trial. Appellant was permitted to cross-examine the victim and her family about the exclusionary rule violations and the district court issued a curative jury instruction about the victim's family discussing trial testimony; thus, the district court did not err by allowing the victim's parents to testify or abuse its discretion by denying the motion for a mistrial.[3] *Romo v. Keplinger*, 115 Nev. 94, 96, 978 P.2d 964, 966 (1999) (explaining remedies for a violation of the exclusionary rule); *Smith v. State*, 110 Nev. 1094, 1102-03, 881 P.2d 649,

---

[3]Appellant also argues that cumulative error warrants relief. Because we have found no error, there is no error to cumulate.

654 (1994) (providing that this court reviews the denial of a motion for a mistrial for an abuse of discretion). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

CHERRY, J., dissenting:

I respectfully dissent from my colleagues' conclusion that appellant was not in custody when he made incriminating statements to the police and that the district court did not err in denying appellant's motion to suppress those statements. Because appellant had not been formally arrested, "the pertinent inquiry is whether a reasonable person in [appellant's] position would feel at liberty to terminate the interrogation and leave." Rosky v. State, 121 Nev. 184, 191, 111 P.3d 690, 695 (2005) (internal quotation marks omitted).

Considering "the totality of the circumstances," State v. Taylor, 114 Nev. 1071, 1081-82, 968 P.2d 315, 323 (1998), I am convinced that a reasonable person in appellant's position would not have felt free to walk away from the police's questioning. Appellant was ordered to keep his hands on the hood of the car during questioning and was prevented from turning around despite his request to do so. As such, even though appellant had yet to be handcuffed, his freedom of movement was restrained during the questioning, and no reasonable person in that situation would believe that he or she could walk away without the police giving chase. See id. at 1082 n.1, 968 P.2d at 323 n.1 (listing the indicia of

Supreme Court
OF
Nevada

(O) 1947A

an arrest). Additionally, the police did not inform appellant that the questioning was voluntary or that he was free to leave. *Id.* The fact that appellant was questioned on a public street does not mean that he was at liberty to walk away from the questioning, as the majority implies, especially considering that during the majority of the time in which appellant made the incriminating statements, there were two police officers questioning him, while numerous other police officers were walking around him and securing the scene. *See id.* Further, at the conclusion of the questioning, appellant was arrested. *Id.* Therefore, because no reasonable person in appellant's position would have felt at liberty to terminate the questioning and walk away, appellant was in police custody and subject to police interrogation without having been advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), in violation of the Fifth Amendment. *Rosky*, 121 Nev. at 191, 111 P.3d at 695; *see also Miranda*, 384 U.S. at 478. The district court should have granted the motion and suppressed appellant's statements.

Additionally, I am not convinced beyond a reasonable doubt that the erroneous admission of the statements did not contribute to the verdict. *See Valdez v. State*, 124 Nev. 1172, 1189-90, 196 P.3d 465, 476 (2008) (explaining that this court will reverse based on a constitutional error "unless the State demonstrates, beyond a reasonable doubt, that the error did not contribute to the verdict"). Circumstances leading up to the jury verdict indicate that the issue of appellant's guilt was close and that the jury may have compromised on the verdict in order to be released from duty. In particular, the jury advised the judge at one point that they were deadlocked on both counts and one of the jurors made it clear to the judge that he or she did not want to return on Monday to resolve the case because of a previous travel arrangement. Within minutes of the court

SUPREME COURT
OF
NEVADA

(O) 1947A

6

reminding the jury of the hung jury standard, the jury returned with a guilty verdict as to the sexual assault, but failed to reach a verdict on the battery charge, which likely should have been proven if the sexual assault charge was proven. Considering all of these circumstances, there can be little doubt that appellant's statements that he was drunk and stupid and should be taken to jail contributed to the verdict and that, if the jury had not heard appellant's statements, the jury might not have convicted him of sexual assault. Thus, the admission of appellant's statements was not harmless error, and I would reverse the judgment of conviction and remand for a new trial.

_____, J.
Cherry

cc:    Hon. David B. Barker, District Judge
        Mayfield, Gruber & Sheets
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk