# IN THE SUPREME COURT OF THE STATE OF NEVADA

CARIM J. CRUZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71431

**FILED**

SEP 2 8 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK



## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of murder with use of a deadly weapon, two counts of attempted murder with use of a deadly weapon, battery with use of a deadly weapon, two counts of discharge of firearm from or within a structure or vehicle, and four counts of assault with a deadly weapon. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Appellant raises the following arguments in support of overturning his convictions. For the reasons explained below, we affirm the judgment of conviction.

*Admitting evidence of appellant's gun possession*

At trial, the State cross-examined appellant's three defense witnesses (which included appellant) regarding whether appellant had ever possessed a gun, the State introduced into evidence two pictures of appellant and his friends holding guns, and the State elicited testimony from a rebuttal witness who said she had seen appellant possess a gun. On appeal, appellant contends that (1) the district court should have required the State to lay additional foundation for the pictures' introduction by producing the witness who printed the pictures from appellant's Facebook

18-38014

account and having that witness testify there were no "fake guns" disclaimers on the pictures when they were printed, (2) the district court erred in permitting the State to cross-examine the three witnesses regarding appellant's prior gun possession because such questioning exceeded the scope of direct examination, (3) the pictures and rebuttal witness's testimony constituted improper extrinsic evidence to impeach appellant's witnesses on a collateral matter, and (4) the pictures and rebuttal witness's testimony constituted improper prior-bad-act evidence.

We conclude that appellant's first argument lacks merit, as the district court correctly observed that the pictures could be admitted through appellant's own testimony that the pictures fairly and accurately depicted what was shown in the pictures. *See* NRS 52.025 ("The testimony of a witness is sufficient for authentication or identification if the witness has personal knowledge that a matter is what it is claimed to be."). Although appellant contemporaneously claimed that the guns in the pictures were actually fake, this claim served only to potentially rebut his own testimony that the pictures fairly and accurately depicted appellant and his friends holding real-looking guns. *See* NRS 52.015(3) ("Every authentication or identification is rebuttable by evidence or other showing sufficient to support a contrary finding."). Accordingly, the district court did not abuse its discretion in admitting the pictures into evidence without requiring the State to provide additional foundation. *See Thomas v. State*, 114 Nev. 1127, 1148, 967 P.2d 1111, 1125 (1998) (recognizing a district court has discretion in determining whether an adequate foundation has been laid for admission of evidence).

Appellant's second argument, which was not raised below, does not warrant reversal under plain-error review. *See Mclellan v. State*, 124

Nev. 263, 269, 182 P.3d 106, 110 (2008) ("In conducting plain error review, we must examine whether there was 'error,' whether the error was 'plain' or clear, and whether the error affected the defendant's substantial rights." (internal quotation marks omitted)). Even assuming it was plain error for the district court to permit the State to cross-examine the witnesses regarding appellant's possession of a gun prior to the night of the actual shooting, *cf.* NRS 50.115(2) ("Cross-examination is limited to the subject matter of the direct examination and matters affecting the credibility of the witness . . . ."), the State's questions and the witnesses' denials, in and of themselves, did not affect appellant's substantial rights because those questions and denials did not establish anything that could have formed the basis for the jury's verdict.

Appellant's third argument, which was also not raised below, likewise does not warrant reversal under plain-error review. Even if the district court erred in admitting the picture and the rebuttal witness's testimony to attack appellant's credibility, *cf.* NRS 50.085(3) ("Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's credibility, . . . may not be proved by extrinsic evidence."), any potential error was not "'plain' or clear." *Mclellan*, 124 Nev. at 269, 182 P.3d at 110 (internal quotation marks omitted). More importantly, appellant has not demonstrated that his substantial rights were affected. *Id.* Although appellant contends that his substantial rights were affected because the jury asked two questions regarding why appellant and his friends needed to use guns in shooting their music video, the record indicates that the jurors asked over a dozen pointed questions in response to appellant's cross-examination testimony that all demonstrate the jurors' awareness of the pertinent legal issues. Similarly, although appellant

contends that the State belittled appellant's testimony that the original pictures contained "fake guns" disclaimers, we conclude that overwhelming evidence supported appellant's guilt. Most notably, six witnesses identified appellant as the shooter in 911 calls or at the scene following the shooting, as well as at trial. Additionally, appellant testified that his friend who was the alleged shooter was not angry when they were getting into appellant's car to leave the nightclub, with the implication being the friend would not have suddenly opened fire into a crowd, thereby casting doubt on appellant's theory of defense. Moreover, appellant's sister testified that Richard Lambey (the only identifying witness who disliked appellant prior to the shooting and who may have been biased against appellant before the shooting) confronted appellant's sister immediately following the shooting and said, "This ain't over," with the implication being Mr. Lambey did not simply make up his trial testimony and pressure every other witness into identifying appellant at trial as the shooter.

Appellant's fourth argument, which was also not raised below, likewise does not warrant reversal under plain-error review.[1] Assuming the district court committed plain error in admitting the pictures and testimony in violation of NRS 48.045(2) ("Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith."), appellant has failed to show that such plain error affected his substantial rights for the same reasons described above.

---

[1]Appellant suggests that he raised this argument in district court when he objected to the State questioning him about why one of his friends was in prison. A reading of the transcript demonstrates that this suggestion is inaccurate.

*Prosecutorial misconduct*

Appellant identifies nine alleged instances of prosecutorial misconduct that he contends warrants reversal. We disagree. The State's reference to the shooting as a "murder" did not constitute misconduct because even under appellant's theory of defense wherein appellant's friend shot Deanna Serano without provocation, a murder was committed. We likewise disagree that the State degraded appellant's theory of defense in two instances and appealed to the jury's sympathies during the State's closing arguments. Rather, the State was simply asking the jurors to evaluate what was the most common-sense explanation for the witnesses identifying appellant as the shooter, and the State's reference to "crap," when considered in context with the colorful language used by the witnesses throughout the trial, cannot reasonably be seen as degrading appellant's theory of defense. Nor did the State improperly urge the jury to convict appellant in order to protect community and societal values in violation of *Collier v. State*, 101 Nev. 473, 479, 705 P.2d 1126, 1130 (1985), as the State did not ask the jury to base its verdict on anger or fear.[2]

Although we conclude that the remaining alleged instances of prosecutorial misconduct (i.e., the two "dog" statements, the "legal license" statement, and the "snitches" questions posed to Blair Abbott regarding Eric Flores) may border on misconduct, those instances, even if considered

---

[2]In light of the strength of the State's case, we question why the State believed it was necessary to come so close to the proverbial misconduct line on so many occasions in establishing its case. We note that even when the State's comments do not actually amount to misconduct, significant resources are devoted to resolving the legal issues arising from those comments, and we would encourage the State to be mindful of that in the future.

to be misconduct, did not "substantially affect[ ] the jury's verdict" in light of their fleeting presence over the course of an 8-day trial. *See Valdez v. State*, 124 Nev. 1172, 1188-90, 196 P.3d 465, 476-77 (2008) (setting forth this court's harmless-error standard of review for misconduct of a nonconstitutional dimension). As explained above, the evidence of appellant's guilt was overwhelming.

*Improper communication with a witness*

Midway through the trial, appellant became aware that one of the State's witnesses that had not yet testified had one or more phone conversations with a person attending the trial. Appellant contends that the district court should have held an evidentiary hearing outside the presence of the jury to determine the nature of these conversations or should have declared a mistrial. We are not persuaded by this argument. First, the entire trial was an evidentiary hearing, the district court permitted appellant to call the trial attendee as a witness and examine her regarding the communication, and appellant has provided no authority to support his request for an evidentiary hearing outside the jury's presence. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). Second, because the existing evidence (the State's witness's testimony, phone transcript, phone records) revealed no evidence that the State's witness's testimony had been coached, the district court was well within its discretion in denying the request for a mistrial. *Geiger v. State*, 112 Nev. 938, 942, 920 P.2d 993, 995 (1996) (observing that this court reviews for an abuse of discretion a district court's denial of a mistrial motion), *overruled on other grounds by Barber v. State*, 131 Nev. 1065, 363 P.3d 459 (2015).

*Transferred intent*

Although appellant did not object to the transferred-intent jury instruction given at trial or the State's charging strategy in district court, he argues on appeal that convicting him of two counts of attempted murder under the transferred-intent doctrine is at odds with this court's opinion in *Ochoa v. State*, 115 Nev. 194, 981 P.2d 1201 (1999). We do not read *Ochoa* as precluding more than one iteration of transferred-intent liability, nor are we persuaded that adopting such a prohibition would be appropriate.

*Jury instructions*

Appellant contends that the district court should have instructed the jury that Mr. Flores' prior inconsistent statements to the police could not be used by the jury for the truth of the matters asserted in those statements. We disagree, as NRS 51.035(2)(a) permits a prior inconsistent statement to be considered for the truth of the matter asserted when the person making the statement testifies at trial and is subject to cross-examination concerning the prior inconsistent statement. Because Mr. Flores testified at trial and was subject to cross-examination regarding his police statement, the district court was within its discretion in declining to give appellant's proffered jury instruction. *See Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) (recognizing that the district court has broad discretion in settling jury instructions).

Appellant also contends that the district court should have instructed the jury that a witness's discussion of her upcoming testimony with anyone other than an attorney or a witness's violation of a court order excluding the witness from the trial until she testified could be used by the jury to evaluate the witness's credibility. Because the State's witness did not attend the trial prior to her testimony, and because the evidence showed

that the trial attendee did not coach or otherwise discuss the witness's testimony, the district court was within its discretion in declining to give appellant's proffered jury instruction. In light of the foregoing, we

ORDER the judgment of conviction AFFIRMED.[3]

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Eric Johnson, District Judge
Justice Law Center
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[3]We are not persuaded that cumulative error warrants reversal. As indicated, the only potential errors were introduction of evidence pertaining to a collateral matter (i.e., whether appellant lied about possessing guns) and minor instances of prosecutorial misconduct, and the evidence of appellant's guilt was overwhelming. *See Valdez*, 124 Nev. at 1195, 196 P.3d at 481 (recognizing that in addition to the gravity of the crime charged, cumulative-error review requires consideration of the "quantity and character of the error" and "whether the issue of guilt is close" (internal quotation marks omitted)).