# IN THE SUPREME COURT OF THE STATE OF NEVADA

FORTUNET, INC., A NEVADA
CORPORATION,
Appellant/Cross-Respondent,
vs.
PLAYBOOK PUBLISHING, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; PLAYBOOK
MANAGEMENT, INC., A NEVADA
CORPORATION; JACK CORONEL, AN
INDIVIDUAL; JULI ROSTEN, AN
INDIVIDUAL,
Respondents/Cross-Appellants,
    and
DEWAYNE WOOTEN, AN
INDIVIDUAL; ROSALINA WOOTEN,
AN INDIVIDUAL; WOOTEN
CONSULTING, A NEVADA ENTITY;
HIMELFARB & ASSOCIATES, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; AND BRUCE HIMELFARB,
AN INDIVIDUAL,
Respondents.

No. 72930

FILED

JUN 2 5 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING[1]

This is an appeal from a final judgment, an order denying a motion for a new trial, and the award of attorney fees, and a cross-appeal

---

[1]The clerk of this court is directed to amend the caption on this court's docket in accordance with this order's caption.

from the award of attorney fees.[2] Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellant/cross-respondent Fortunet, Inc. (Fortunet), sued two of its former employees, the employees' spouses and related entities, and a vendor for various causes of action arising from an alleged misuse of the company's intellectual property and an alleged breach of a distributor agreement. The matter was tried before two juries as a result of a bankruptcy stay relating to respondents/cross-appellants Jack Coronel and Juli Rosten.[3] On appeal, Fortunet argues numerous errors occurred in both trial portions.

*First trial portion*

First, Fortunet claims the district court erroneously allowed a misstatement of law to be submitted to the jury on the special verdict form. Specifically, it takes issue with the form asking if Coronel owed a fiduciary duty to Fortunet when Coronel indisputably owed such a duty as the company's former chief compliance officer. Fortunet failed to challenge the verdict form at trial and thus waived its right to challenge the verdict form on appeal. *See Powers v. United Servs. Auto. Ass'n*, 114 Nev. 690, 702, 962 P.2d 596, 603-04 (1998). Furthermore, Fortunet fails to demonstrate error

---

[2]Pursuant to cross-appellants' agreement, this court previously dismissed the cross-appeal, save for cross-appellants' challenge to the order granting attorney fees entered April 26, 2017. *Fortunet, Inc. v. Playbook Publishing, LLC*, Docket No. 72930 (Order Dismissing Cross-Appeal in Part and Reinstating Briefing, November 17, 2017). To the extent cross-appellants ask for relief outside the scope of the order granting attorney fees, we do not consider these claims.

[3]As the parties are familiar with the long and complicated facts and procedural history of this matter, we will only recount them as necessary to our disposition.

plain from the record as the jury was instructed that Coronel, as a corporate officer of Fortunet, owed a fiduciary duty to the company, and it is presumed that the jury follows its instructions. *See Krause Inc. v. Little*, 117 Nev. 929, 937, 34 P.3d 566, 571 (2001); *see also Yamaha Motor Co., U.S.A. v. Arnoult*, 114 Nev. 233, 245, 955 P.2d 661, 669 (1998) (considering jury instructions in conjunction with the special verdict form to determine whether the jury was misled). The compound question on the verdict form asked whether Fortunet met its burden of proving that Coronel breached his fiduciary duty causing Fortunet to suffer harm. We find no error in this regard.[4]

Second, Fortunet argues the district court abused its discretion by excluding Coronel's signed acknowledgment of the company's code of ethics. However, as conceded by Fortunet, it omitted the item from its trial exhibit list; such an omission constituted a failure to comply with local district court rules. EDCR 2.67(b)(5); EDCR 2.69(a)(1)-(2). Respondents Bruce Himelfarb and Himelfarb & Associates (collectively referred to as Himelfarb) objected to the item being admitted because it was not listed as one of the evidence documents, and the district court sustained the objection. We find no abuse of discretion by the district court. *See Davis v. Beling*, 128 Nev. 301, 311, 278 P.3d 501, 508 (2012) (reviewing evidentiary decisions for an abuse of discretion).

---

[4]To the extent Fortunet argues the district court erroneously instructed the jury that civil conspiracy claims had to be proven by clear and convincing evidence, because Fortunet did not cogently argue or present relevant authority to support its contention that a lower burden of proof should have been used, we need not consider this claim. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006).

Third, Fortunet argues the district court improperly awarded attorney fees to Himelfarb as a sanction against Fortunet. Having considered the testimony and evidence produced at trial as well as the district court's findings, we conclude the district court did not abuse its discretion in granting Himelfarb's request for attorney fees as a sanction against Fortunet. *See Capanna v. Orth*, 134 Nev., Adv. Op. 108, 432 P.3d 726, 734 (2018) (recognizing the district court has discretion to award attorney fees and that the decision to award fees "will not be disturbed on appeal absent a manifest abuse of discretion" (quotation marks omitted)); *see also* NRS 18.010(2)(b) ("The [district] court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations."); *Introcaso v. Cunningham*, 857 F.2d 965, 967-68 (4th Cir. 1988) ("[I]t is possible for a plaintiff to establish a prima facie case which is weak but which is sufficient to survive a directed verdict, but which is nonetheless groundless in light of a defense readily apparent to the plaintiff from the outset of the litigation."). We conclude no relief is warranted on this claim.[5]

---

[5]Fortunet also argues the district court erred by denying judgment notwithstanding the verdict in its favor on the breach of contract claim against Himelfarb. We will not consider this claim on appeal, as Fortunet failed to make a motion for a directed verdict or for judgment notwithstanding the verdict as to this claim. *See Bill Stremmel Motors, Inc. v. Kerns*, 91 Nev. 110, 111, 531 P.2d 1357, 1357 (1975); *see also* NRCP 50(a); NRCP 50(b). Similarly, we do not consider Fortunet's dispute with the allegedly speculative damages awarded as Fortunet, in a footnote and without legal authority, merely incorporates argument from a motion filed in the district court. *See* NRAP 28(e)(2) (prohibiting an appellant from incorporating by reference arguments contained in documents filed in the district court to support argument as to the merits of the appeal).

Accordingly, we affirm the judgment following the first trial portion (filed August 16, 2013), and the orders awarding attorney fees to Himelfarb (filed September 19, 2013; December 30, 2015; and amended on April 26, 2017).

*Between trial portions*

Fortunet claims the district court erred as a matter of law when, after the jury returned its verdict as to the claims presented in the first trial portion, it ruled in Coronel's favor on the declaratory relief claims. The district court's factual findings and determinations have support in the record, and this court does not reassess witness credibility on appeal but leaves such determinations to the district court, *see Ellis v. Carucci*, 123 Nev. 145, 152, 161 P.3d 239, 244 (2007). Therefore, we conclude there was no abuse of discretion in this regard and affirm the findings of fact and conclusions of law and judgment for declaratory relief (filed October 1, 2013). *See Cty. of Clark v. Upchurch*, 114 Nev. 749, 752, 961 P.2d 754, 756 (1998) ("[W]hether a determination in an action for declaratory judgment is proper is a matter for the district court's discretion and will not be disturbed on appeal unless the district court abused that discretion."). Fortunet also argues that the district court improperly granted summary judgment in favor of Coronel on its claims for breach of fiduciary duty, breach of contract, and breach of the implied covenant of good faith and fair dealing. We disagree because the verdict from the first trial portion and the order for declaratory relief resolved any issues of material fact such that Coronel was entitled to judgment on those three claims as a matter of law. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (stating this court's standard of review for summary judgment and outlining when it is

SUPREME COURT
OF
NEVADA

(O) 1947A

5

appropriate). Accordingly, we affirm the findings of fact and conclusions of law for summary judgment relief (filed April 16, 2014).

*Second trial portion*

Fortunet argues that the district court abused its discretion by striking the entire testimony of Fortunet's chief executive officer, Yuri Itkis, at the second trial portion after finding a violation of the witness exclusion rule. At the beginning of the second trial portion, the witness exclusion rule was invoked pursuant to NRS 50.155(1). Fortunet designated its general counsel as the corporate representative, *see* NRS 50.155(2)(b); Itkis was not so designated. Later, it was revealed that Itkis reviewed daily transcripts of the trial before testifying. We conclude this constitutes a violation of the witness exclusion rule.

However, we agree with Fortunet that the sanction imposed was unduly harsh. *See Romo v. Keplinger*, 115 Nev. 94, 96, 978 P.2d 964, 966 (1999) (providing the district court with numerous options after finding a violation of the witness exclusion rule). Itkis' testimony was pertinent to a number of Fortunet's claims; his testimony at the first trial portion was both detailed and lengthy. Itkis' knowledge of the evidence and testimony presented at the first trial portion made his review of the transcripts for the second trial portion minimally prejudicial to other parties. Additionally, the offending testimony referred to the execution of two employment agreements with Coronel; there is no evidence Itkis tailored his testimony based on the review of daily transcripts. Given the lesser sanctions available to the district court, including the option to give a curative jury instruction or to allow for cross-examination of the violation, we conclude that the striking of Itkis' testimony in its entirety was an abuse of discretion. *See id.* (explaining this court reviews the district court's

resolution for an abuse of discretion). And given the pertinence of Itkis' testimony to Fortunet's claims, we conclude a new trial is warranted.[6] Therefore, we reverse the judgment following the second trial portion (filed November 4, 2016). Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[7]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
       Hartwell Thalacker, Ltd.

---

[6]Fortunet makes a number of additional arguments regarding error in the second trial portion. Fortunet also argues about the attorney fees awarded, as do cross-appellants. However, in view of our resolution, we do not reach these issues.

[7]We disagree with Fortunet's contention that the district court was biased against the company. However, in light of the prior history of this case, including the district court's sanction upon which we reverse, we direct that upon remand, the case be heard by a different judge so as to avoid any appearance of impropriety.

SUPREME COURT
OF
NEVADA

(O) 1947A

DeWayne Wooten
Kolesar & Leatham, Chtd.
Rosalina Wooten
Fennemore Craig, P.C./Las Vegas
Eighth District Court Clerk